# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BOBBY ALEXANDER, | Case No. 2:17-cv-00139-APG-NJK |
| Plaintiff(s), | |
| v. | ORDER |
| EQUIFAX INFORMATION SERVICES, LLC, et al., | (Docket Nos. 58, 59) |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion to compel. Docket No. 58; *see also* Docket No. 59 (sealed version). Defendant filed a response in opposition, and Plaintiff filed a reply. Docket Nos. 62, 64. For the first time in reply, Plaintiff discusses a hearing from August 10, 2017, at which United States Magistrate Judge Peggy A. Leen resolved a discovery motion that appears to involve similar issues to those presented in the motion to compel pending in this case. *See* Docket No. 64 at 2. In particular, Judge Leen found that portions of the disputed documents must be produced and that they would be protected through an "attorney's eyes only" provision added to the stipulated protective order. *See Dunlap v. Wells Fargo Financial*, Case No. 2:17-cv-00097-RFB-PAL, Docket No. 40 (D. Nev. Aug. 16, 2017) (transcript of hearing). The Court is inclined to follow a similar course here. Nonetheless, the Court will not definitively resolve the pending motion to compel because the discussion of Judge Leen's decision is provided only in the reply brief. *See Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996).

Instead, the Court orders the parties to conduct a further meet-and-confer to fully take into account the guidance already provided by Judge Leen. Given the circumstances, the Court expects that this discovery dispute will be resolved through a fulsome meet-and-confer rather than through further motion practice. *Cf. Ashcraft v. Welk Resort Grp.*, 2017 U.S. Dist. Lexis 65980, *2-3 (D. Nev. May 1, 2017) (reminding counsel of the requirement to conduct pre-filing conferences with an eye toward common sense cooperation).[1]

Accordingly, the pending motion to compel is **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: September 1, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] There appears to have been an attempt to conduct a further meet-and-confer after Judge Leen made her ruling, but it appears that it may have never actually culminated in a meet-and-confer that included personal consultation. *See* Docket No. 64 at 2-3 ("Experian's response to Bobby's overture was to file its response to his motion the next day, without any discussion beforehand"). Regardless, however, this appears to be a dispute that counsel can and should resolve themselves.