Jennifer L. Braster
Nevada Bar No. 9982
NAYLOR & BRASTER
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(T) (702) 420-7000
(F) (702) 420-7001
jbraster@naylorandbrasterlaw.com

Attorneys for Defendant
Experian Information Solutions, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Bobby Alexander, | Case No. 2:17-cv-00139-APG-NJK |
| Plaintiff, | ~~[PROPOSED]~~ AMENDED STIPULATED PROTECTIVE ORDER |
| v. | |
| Equifax Information Services, LLC; Experian Information Solutions, Inc.; Flagstar Bancorp, Inc. d/b/a Flagstar Bank; and Silver State Schools Credit Union, | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between Plaintiff Bobby Alexander ("Plaintiff")

and Defendant Experian Information Solutions, Inc. ("Experian") (collectively, "the Parties")

through their respective attorneys of record as follows:

WHEREAS, documents and information have been and may be sought, produced or

exhibited by and among the parties to this action relating to trade secrets, confidential research,

development, technology or other proprietary information belonging to the defendants and/or

personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and

hereby is made by this Court on the following terms:

1      1.     This Order shall govern the use, handling and disclosure of all documents,

2    testimony or information produced or given in this action which are designated to be subject to

3    this Order in accordance with the terms hereof.

4      2.     Any party or non-party producing or filing documents or other materials in this

5    action may designate such materials and the information contained therein subject to this Order

6    by typing or stamping on the front of the document, or on the portion(s) of the document for

7    which confidential treatment is designated, "Confidential."

8      3.     If a party or non-party producing documents in this action (a "Producing

9    Party") believes in good faith that, despite the provisions of this Protective Order, there is a

10    substantial risk of identifiable harm to the Producing Party if particular documents it designates

11    as "Confidential" are disclosed to all other Parties or non-parties to this action, the Producing

12    Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

13    ~~4.~~     ~~To the extent any motions, briefs, pleadings, deposition transcripts, or other~~

14    ~~papers to be filed with the Court incorporate documents or information subject to this Order,~~

See order at Docket   ~~filing such papers shall designate such materials, or portions thereof, as~~
No. 49

    ~~ntial" or "Confidential—Attorneys' Eyes Only," and shall file them with the clerk~~

17    ~~under seal; provided, however, that a copy of such filing having the confidential information~~

18    ~~deleted therefrom may be made part of the public record. Any party filing any document under~~

19    ~~seal must comply with the requirements of Local Rules.~~

20      5.     All documents, transcripts, or other materials subject to this Order, and all

21    information derived therefrom (including, but not limited to, all testimony, deposition, or

22    otherwise, that refers, reflects or otherwise discusses any information designated

23    "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly

24    or indirectly, by any person, including Plaintiff and Experian for any business, commercial or

25    competitive purposes or for any purpose whatsoever other than solely for the preparation and

26    trial of this action in accordance with the provisions of this Order. As set forth in the preceding

27    sentence, materials subject to this Order shall only be used for the preparation and trial of this

28

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

action and shall not be used in any litigation other than the above-captioned action.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure; and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only", or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential—Attorneys Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; (b) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

"Declaration of Compliance" (Exhibit A); (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and (e) the author of the document or the original source of the information.

8.      Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(f) or 7(b) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

9.      All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10.      Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only."

11.      This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential" or "Confidential—Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12.      Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

1  Party.

2        13.     In the event that any party to this litigation disagrees at any point in these

3  proceedings with any designation made under this Protective Order, the parties shall first try to

4  resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the

5  party objecting to the designation may seek appropriate relief from this Court.  During the

6  pendency of any challenge to the designation of a document or information, the designated

7  document or information shall continue to be treated as "Confidential" or "Confidential—

8  Attorneys' Eyes Only" subject to the provisions of this Protective Order.

9        14.     Nothing herein shall affect or restrict the rights of any party with respect to its

10  own documents or to the information obtained or developed independently of documents,

11  transcripts and materials afforded confidential treatment pursuant to this Order.

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

1  15.  The Court retains the right to allow disclosure of any subject covered by this

2  stipulation or to modify this stipulation at any time in the interest of justice.

3  **IT IS SO STIPULATED.**

4  Dated September 6, 2017

5  /s/ Miles N. Clark                            /s/ Jennifer L. Braster

6  Matthew I. Knepper, Esq.                      Jennifer L. Braster
   Nevada Bar No. 12796                          Nevada Bar No. 9982

7  Miles N. Clark, Esq.                          NAYLOR & BRASTER
   Nevada Bar No. 13848                          1050 Indigo Drive, Suite 200

8  KNEPPER & CLARK LLC                           Las Vegas, NV 89145
   10040 W. Cheyenne Ave., Suite 170-109

9  Las Vegas, NV 89129                           Attorney for Defendant Experian Information
                                                 Solutions, Inc.

10 David H. Krieger, Esq.
   Nevada Bar No. 9086

11 HAINES & KRIEGER, LLC
   8985 S. Eastern Avenue, Suite 350

12 Henderson, Nevada 89123

13 Attorneys for Plaintiff

14

15

16

17                                              **ORDER**

18 **IT IS SO ORDERED.**

19 Dated:  September 7, 2017

20                                              UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

6 of 8

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4 I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

//

//

//

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

1    I declare under penalty of perjury under the laws of the United States that the following is

2    true and correct.

3        Executed this _____ day of _____, 2017 at _____.

4

5                                          _____
                                           QUALIFIED PERSON

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000